Davey T. Kim (State Bar No. 209676)
dkim2@travelers.com
USERY & ASSOCIATES
Mailing Address: P.O. Box 2996
Hartford, CT 06104-2996
Physical Address: 9325 Sky Park Court, Suite 220
San Diego, CA 92123
Tel: (858) 616-6112
Fax: (844) 571-3789

Attorneys for Plaintiff
TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY,<br><br>Defendant. | Case No.:<br><br>**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY, EQUITABLE SUBROGATION, AND EQUITABLE CONTRIBUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA alleges and avers as follows:

## THE PARTIES

1. Plaintiff Travelers Casualty Insurance Company Of America ("Travelers") is, and at all relevant times was, an insurance company organized under

the laws of the State of Connecticut having its principal place of business in Connecticut.

2. Travelers is informed and believes that defendant ACE American Insurance Company ("ACE") is, and at all relevant times was, an insurance company organized under the laws of the State of Pennsylvania, having its principal place of business in the State of Pennsylvania and is authorized to conduct business in the State of California.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the matter in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and interests.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred within the Northern District of California.

## BACKGROUND FACTS

**The Travelers Policy**

5. Travelers issued policy number 680-7G051978-22-42 to Yin Residual Trust ("Yin Residual Trust") for the policy period of January 12, 2022 to January 12, 2023 (the "Travelers Policy"). Dominic D. Yin, individually and as trustee of the Dominic D. Yin Revocable Living Trust and Helen Yin, individually and as trustee of the Yin Revocable Trust are collectively part of the Yin Residual Trust. The Travelers Policy provides that it is excess over any other insurance that is available to the insured when the insured is added as an additional insured on another policy.

**The Underlying Action**

6. On January 18, 2023, Rosalind Arbel and Nir Arbel ("Arbels") filed a complaint entitled *Rosalind Arbel and Nir Arbel v. Dominic D Yin, et al.*, in the San Francisco County Superior Court, Case No. CGC-23-604116 (the "Underlying

Action"), alleging cause of action for general negligence, premises liability, dangerous condition of public property and loss of consortium against Dominic D. Yin, individually and as trustee of the Dominic D. Yin Revocable Living Trust, Helen Yin, individually and as trustee of the Yin Revocable Trust and the City and County of San Francisco. Arbels filed their First Amended Complaint ("FAC") on March 30, 2023, alleging general negligence, premises liability, dangerous condition of public property, and loss of consortium. On October 26, 2023, Arbels amended their FAC naming Trader Joe's Company ("Trader Joe's") as a Defendant. Arbels filed their Second Amended Complaint ("SAC") on May 1, 2024, alleging general negligence, premises liability, dangerous condition of public property, and loss of consortium. On June 5, 2024, Arbels amended their SAC naming BMT Construction and Maintenance, Inc. ("BMT") as a Doe Defendant. On June 18, 2024, Dominic D. Yin, a successor trustee of the Yin Revocable Trust was substituted into the Underlying Action as a Defendant in place of Helen Yin, deceased. On November 6, 2024, the City and County of San Francisco were dismissed in the Underlying Action. A true and correct copy of the operative underlying pleading, SAC, is attached as Exhibit 1.

7.    In the Underlying Action, Dominic D. Yin, individually and as trustee of the Dominic D. Yin Revocable Living Trust ("Yin") filed his Cross-Complaint against Trader Joe's alleging the following causes of action: (1) Total Indemnity, (2) Express Contractual Indemnity, (3) Declaratory Relief - Implied Partial Indemnity; and (4) Declaratory Relief - Equitable Action on October 14, 2025. On January 13, 2026, the Court notified Yin that his Cross-Complaint was rejected because the cross-action caption was required on the initial Cross Complaint. On January 13, 2026, Yin refiled his cross-complaint against Trader Joe's alleging the same causes of action. A true and correct copy of the Yin's Cross-Complaint is attached as Exhibit 2.

8.    In the Underlying Action, Travelers is informed and believes that Arbels allege on January 23, 2022, Plaintiff Rosalind Arbel tripped and fell while walking in or around the Lucky Penny parking lot located at 2670 Geary Blvd., San Francisco,

CA ("Premises") due to allegedly dangerous conditions, including various cracks, areas of vertical displacement, inadequate lighting, and exposed rebar ("Incident") causing her to fall and sustain injuries. Arbels contend that the Defendants owned and/or controlled the Premises and failed to properly inspect, maintain, or repair the area.

9. In the Underlying Action, Travelers is informed and believes that the Arbels made and served C.C.P. § 998 offers to settle for the Defendants' policy limits. The time to accept these offers lapsed. Also, Travelers is informed and believes that in 2025, the Arbels asserted and demanded damages of $15,000,000 from Defendants during the mediation held on or about May 27, 2025.

**Lease**

10. Travelers is informed and believes that in 2015, Yin's mother, Helen Yin, and Trader Joe's executed a Lease wherein Trader Joe's would utilize the Premises, which contained approximately 21 parking spaces ("Lease"), for additional parking for the Trader Joe's located at 3 Masonic Avenue, San Francisco, CA. A true and correct copy of the Lease is attached as Exhibit 3.

11. Travelers is informed and believes that Trader Joe's leased the Premises from Helen Yin, as Surviving Trustee of the Yin Revocable Trust dated January 5, 1994, as to an undivided 50% interest; and Dominic D. Yin and Kimberly H. Kim, husband and wife as joint tenants as to an undivided 50% interest. The Premises is now owned by the Yin Revocable Trust. Yin is the sole beneficiary of the Yin Revocable Trust.

12. Paragraph 8 of the Lease dictates the following:

> 8. Maintenance and Utilities. During the Term of this Lease, Lessee shall maintain the Premises clean and free of debris, litter, and graffiti, and shall pay all utilities required to light the Premises.

13. Pursuant to the Lease, Trader Joe's agreed to defend and indemnify Yin for claims of injury to any person or damage to any property arising from Trader Joe's

use or occupancy of the Premises, or from Trader Joe's failure to perform any of their obligations under the Lease. Specifically, Trader Joe's agreed to the following under Paragraph 10:

> Except for costs and expenses caused by the intentional act or gross negligence of Lessor, its agents, employees or invitees, Lessee hereby indemnifies and holds Lessor harmless from all costs, expenses (including attorney fees and expenses), liability or claims because of injury to any person or damage to any property arising from Lessee's use or occupancy of the Premises, or from Lessee's failure to perform any of Lessee's obligations under this Lease. In case any action or proceeding is brought against Lessor because of any such claim, Lessee shall defend the same at Lessee's expense by counsel satisfactory to Lessor.

14. Pursuant to Paragraph 9 of the Lease, Trader Joe's also agreed to maintain in full force and effect, at all times during the term of the Lease, comprehensive general public liability insurance, with coverage of not less than $2,000,000 combined single limit, insuring against all personal injury and property damage liability of Trader Joe's and of Trader Joe's employees and customers arising out of or in connection with Trader Joe's use or occupancy of the Premises. Likewise, Trader Joe's agreed to such coverage is to be regarded as primary and no other insurance shall be considered contributory or as co-insurance during the time the employees or customers of Trader Joe's use the Premises.

15. Paragraph 9 of the Lease also required Trader Joe's to name Yin as an additional insured under the policy issued to Trader Joe's.

**The ACE Policy**

16. Travelers is informed and believes that ACE issued a policy number G72481793 to T.A.C.T. Holding, Inc. (Trader Joe's) for the policy period of July 1, 2021 to July 1, 2022, which was effective at the time of the Incident and which

provides commercial general liability coverage (the "ACE Policy").

17. Travelers is informed and believes that the ACE Policy is modified by Endorsement 2 - Additional Insured - Managers or Lessors of Premises which provides coverage for any manager or lessor of Premises leased to Trader Joe's whom Trader Joe's has agreed to include as an additional insured under written contract, provided such contract was executed prior to the date of loss.

18. Travelers is informed and believes that the ACE Policy's additional insured endorsement further states, in the relevant part, that coverage is provided to Yin, but only with respect to liability arising out of the ownership, maintenance, or use of that part of the Premises leased to Trader Joe's.

**Tender and Defense of the Underlying Action**

19. In response to the tender made to ACE on or about June 2, 2023, ACE issued a reservation of rights letter dated August 2, 2023, wherein ACE accepted defense of Yin and retained defense counsel for Yin, and concluded *"Yin Residual Trust will qualify as an Additional Insured under this Policy for Trader Joe's liability arising out of the ownership, maintenance, or use of the part leased premises."* A true and correct copy of the August 2, 2023 letter is attached as Exhibit 4.

20. Pursuant to the Lease between Trader Joe's and Yin and the August 2, 2023 letter, Trader Joe's provided Yin with a defense in the Underlying Action. Yin and Trader Joe's were represented by the same counsel, Tyson & Mendes, until August 11, 2025, when counsel withdrew due to an alleged conflict of interest between the parties.

21. Travelers is informed and believes that, on July 21, 2025, Tyson & Mendes filed a motion to be relieved as counsel in the Underlying Action and declared Tyson & Mendes *"was retained by the insurance carrier for Trader Joe's pursuant to a tender from the Yin defendants, and was assigned to represent the Yin defendants in this matter. Subsequently, Plaintiffs amended their Complaint to add Trader Joe's as a named defendant. [Tyson & Mendes] was asked to represent both Trader Joe's*

6
COMPLAINT

*and the Yin defendants simultaneously, and no actual or apparent conflicts existed throughout the vast majority of the representation… On May 23, 2025, [Tyson & Mendes] was informed that a conflict of interest had arisen and that its ongoing service as counsel of record in the case was untenable. Shortly thereafter, SELLAR HAZARD & LUCIA substituted in to represent Trader Joe's."* A true and correct copy of Tyson & Mendes' motion to be relieved as counsel is attached as Exhibit 5.

22. On or about August 11, 2025, Tyson & Mendes withdrew defense of Yin in the Underlying Action.

23. Since August 11, 2025 and to date, Trader Joe's and ACE have not assumed the defense and indemnification as requested and required pursuant to the Lease and the ACE Policy.

24. As a result of Trader Joe's and/or ACE's refusal to defend and indemnify Yin in the Underlying Action, Travelers retained defense counsel to defend Yin in the Underlying Action, pursuant to the Travelers Policy, and incurred and continues to incur, necessary and reasonable attorney's fees and other legal costs due to Trader Joe's and ACE's failures to defend and indemnify Yin. The defense fees and costs in defending Yin should be done by Trader Joe's and/or ACE under the Lease and ACE Policy.

25. As a result of Trader Joe's and/or ACE's failure to properly defend and indemnify Yin, if Travelers is forced to make any indemnity payment in the Underlying Action on behalf of Yin without the appropriate participation from ACE under the Travelers Policy to effectuate settlement and release for Yin in the Underlying Action, such indemnity obligation should be done by ACE under the ACE Policy.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

26. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

27. An actual and justiciable controversy has arisen between Travelers and ACE in that Travelers contends, and ACE disputes, that ACE is obligated to defend and indemnify Yin as an additional insured under the ACE Policy on a primary and non-contributory basis to the Travelers Policy in the Underlying Action.

28. Travelers seeks a judicial determination that ACE is obligated to defend and indemnify Yin in the Underlying Action as an additional insured under the ACE Policy on a primary and non-contributory basis.

29. Travelers requests that the Court resolve the present and actual controversy between the parties by issuing a judgment declaring the rights and obligations of the parties with regard to their respective insurance policies.

30. Travelers further requests a declaration of rights, duties and/or obligations of the parties as otherwise appropriate, and for judgment for any amount as may be appropriate.

## SECOND CAUSE OF ACTION FOR EQUITABLE INDEMNITY

31. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. Travelers contends that ACE was and is obligated to defend and indemnify Yin against the Underlying Action. Moreover, ACE's obligation to defend and indemnify Yin is primary to the obligation of Travelers without any contribution from Travelers.

33. Despite the tenders, ACE has refused to defend and indemnify Yin on a primary basis without any contribution from Travelers.

34. Travelers is entitled to reimbursement and indemnification of defense fees and costs incurred in the Underlying Action because ACE's obligation to Yin is primary to the obligation of Travelers without any contribution from Travelers.

35. Travelers is also entitled to reimbursement and indemnification of any and all indemnity payment(s) made to resolve the Underlying Action on behalf of Yin

on a primary basis without any contribution from Travelers.

**THIRD CAUSE OF ACTION FOR EQUITABLE SUBROGATION**

36. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35, inclusive, as though fully set forth herein.

37. Travelers contends that ACE was and is obligated to defend and indemnify Yin against the Underlying Action. Travelers further contends ACE's obligation is on a primary and non-contributory basis to the Travelers Policy and, as such, Travelers has no duty to defend or indemnify until the limits of the ACE Policy are exhausted.

38. Despite the tenders, ACE has refused to defend and indemnify Yin on a primary basis without any contribution from Travelers.

39. Due to ACE's refusal to properly defend and indemnify Yin, Travelers has had to incur defense fees and costs, which should have been paid by ACE.

40. Travelers is entitled to reimbursement of defense costs and any indemnity payment(s) incurred in connection with defending Yin in the Underlying Action.

**FOURTH CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION**

41. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 40, inclusive, as though fully set forth herein.

42. Travelers pleads this cause of action as an alternative to the equitable indemnity and equitable subrogation causes of action.

43. Pursuant to the Travelers Policy, Travelers has defended Yin against the Underlying Action. Pursuant to the ACE Policy, ACE owes defense and indemnity to Yin as an additional insured in the Underlying Action.

44. ACE has failed to properly defend and indemnify Yin in the Underlying Action.

45.     ACE has not contributed to or reimbursed Travelers for the defense fees and costs that Travelers has incurred and continues to incur in defense of Yin. Travelers is informed and believes that ACE will not contribute to or reimburse Travelers for the any indemnity payment(s) that Travelers is required to resolve the Underlying Action on behalf of Yin. Therefore, Travelers is entitled to contribution and reimbursement from ACE on a primary basis without any contribution from Travelers in an amount to be proven at trial.

## **PRAYER**

WHEREFORE, Travelers prays for judgment as follows:

1.      For a judicial determination that ACE is obligated to defend and indemnify Yin in the Underlying Action on a primary and non-contributory basis;

2.      For equitable indemnity against ACE for the defense fees and costs and indemnity payment(s) incurred by Travelers in connection with the Underlying Action, plus interest;

3.      For equitable subrogation against ACE for the defense fees and costs and indemnity payment(s) incurred by Travelers in connection with the Underlying Action, plus interest;

4.      In the alternative, for equitable contribution and apportionment of the defense fees and costs and indemnity payment(s) incurred by Travelers, plus interest;

5.      For costs of suit incurred herein; and

6.      For such other and further relief as the Court may deem just and proper.

Dated: March 10, 2026            USERY & ASSOCIATES

By */s/ Davey T. Kim*
Davey T. Kim
Attorneys for Plaintiff
TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA

## DEMAND FOR JURY TRIAL

Travelers hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 10, 2026
USERY & ASSOCIATES

By */s/ Davey T. Kim*
Davey T. Kim
Attorneys for Plaintiff
TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA